# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Steven Gray,<br>　　　　Petitioner,<br>v.<br>Charles L Ryan, et al.,<br>　　　　Respondents. | No. CV-19-01783-PHX-SRB<br><br>**ORDER** |

Petitioner Matthew Steven Gray filed his Petition for Writ of Habeas Corpus on March 18, 2019 challenging a state court conviction that became final on or about July 9, 2010. The Magistrate Judge issued her Report and Recommendation on November 21, 2019 finding the Petition untimely and not subject to the actual innocence exception to the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. The Magistrate Judge recommended that the Petition be dismissed with prejudice and that a Certificate of Appealability be denied. Petitioner filed timely Objections on November 27, 2019 to which Respondents responded.

In his Objections, Petitioner does not dispute the Magistrate Judge's recitation of the pertinent dates of his state court conviction, post-conviction relief petition, its denial and the dismissal of his petition for review by the Arizona Court of Appeals as untimely. He does not dispute that the one-year statute of limitations began to

run on June 10, 2009. Petitioner appears to argue that his April 18, 2018 state court filing of his Motion Requesting Relief from an 'Unlawful Sentence' Imposed in an 'Unlawful Manner with Extraordinary Circumstances Existing' Requiring an Evidentiary Hearing restarted the one-year statute of limitations. To the extent that is Petitioner's argument he is wrong. As the Magistrate Judge explained subsequent state court collateral review petitions do not restart the statute of limitations.

Petitioner also appears to argue that his April 18, 2018 state court filing suffices for a showing of actual innocence that provides an equitable exception to AEDPA's statute of limitations. But Petitioner fails to explain how his state court motion addressing an alleged unlawful sentence establishes actual innocence of the charges to which he pled guilty in 2008. The Court has reviewed that state court motion (Doc 12-2 p. 22-66) and nothing therein establishes or even attempts to establish factual innocence of the crimes of conviction.

IT IS ORDERED overruling Petitioner's Objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 14)

IT IS FURTHER ORDERED dismissing with prejudice Petitioner's Petition for Writ of Habeas Corpus.

IT IS FURTHER ORDERED denying a Certificate of Appealability because dismissal of the Petition for Writ of Habeas Corpus is justified by a plain procedural bar.

. . .

. . .

. . .

. . .

. . .

. . .

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 10th day of January, 2020.

_____
Susan R. Bolton
United States District Judge